IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GOHLMAN, <br><br> Petitioner <br><br> v. <br><br> L. OLIVER, *Superintendent of SCI Albion*, and CRAWFORD COUNTY DISTRICT ATTORNEY, <br><br> Respondents | Case No. 1:23-cv-50 <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> MEMORANDUM OPINION <br> ON PETITION FOR WRIT OF <br> HABEAS CORPUS (ECF NO. 4) |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Petitioner Robert Gohlman pursuant to 28 U.S.C. § 2254. ECF No. 4. For the reasons that follow, the petition will be denied.[1]

I.   Background

Petitioner is incarcerated at the State Correctional Institution at Albion, serving a sentence of imprisonment imposed by the Court of Common Pleas of Crawford County, Pennsylvania. The record and the criminal docket for Petitioner's underlying convictions in *Commonwealth v. Gohlman*, No. CP-20-CR-0000438-2019 (Crawford Cty. Com. Pl.), memorialize that Petitioner entered a guilty plea to two counts of corruption of minors. The criminal charges against Petitioner were based on his sexual contact with a minor during the period of January 1, 2015, through July 31, 2018. On March 5, 2020, Petitioner was sentenced to an aggregate term of 8 to 48 months' imprisonment for these convictions, to be served consecutively to a sentence imposed at another docket number.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

Petitioner commenced this litigation by lodging a petition on March 6, 2023. ECF No. 1-2. He filed the petition *sub judice* on September 16, 2024. ECF No. 4. Respondents filed a motion to dismiss. ECF No. 13. Petitioner filed a response to the motion. ECF No. 17. The matter is now ripe for review.[2]

II. Legal Considerations

A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution...of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

B. Statute of Limitations

In 1996, Congress materially amended the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[2] Petitioner has also filed a "Motion for Prosecutorial Misconduct," ECF No. 18, in which he repeats assertions made in his petition. This motion is improper in this action and will be dismissed.

2

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

III.   Analysis

Petitioner asserts four grounds for relief in his petition: (1) "no evidence;" (2) actual innocence; (3) "refusal of DA to hear evidence;" and (4) prosecutorial misconduct. ECF No. 4 at 5-10. Respondents argue, among other things, that each of Petitioner's claims is time-barred under the one-year statute of limitations. ECF No. 13 at 4.

The statute of limitations for Petitioner's claims began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). Petitioner did not file a direct appeal from his March 5, 2020, judgment of sentence. Accordingly, the judgment of sentence became final on April 6, 2020, when the time for him to appeal expired. Pa.R.A.P. 903(a) (providing 30-day time for appeal); 1 Pa.C.S.A. § 1908 (omitting from computation of time period the last day where that day is a weekend or holiday); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). The one-year limitations period for each of Petitioner's claims began to run on that date.

On May 27, 2020, 51 days later, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from May 27, 2020, until

3

November 20, 2020, when the time expired for Petitioner to appeal from the October 21, 2020, order dismissing his PCRA petition.[3]

AEDPA's limitations period began to run again the next day, on November 21, 2020. At that point, because 51 days had already expired from the limitations period, Petitioner had 314 more days—until on or around October 1, 2021—to file timely claims in a federal habeas petition. As explained above, Petitioner commenced this litigation on March 6, 2023, more than a year after the expiration of the limitations period. Thus, Petitioner's habeas claims are untimely.

In an attempt to overcome the untimeliness of his petition, Petitioner asserts the applicability of the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. To make the necessary showing, a petitioner must present "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 324, 327).

The evidence Petitioner advances in support of his actual innocence is a record of his incarceration in New York from December 16, 2014, through June 2, 2015. ECF No. 4 at 7; ECF No. 4-1 at 10-11; ECF No. 17 at 2-3.

As a preliminary matter, Petitioner admitted his guilt in his plea. He does not assert that his plea was unknowing, unintelligent, or involuntary. His present assertion of actual innocence fails

---

[3] Although Petitioner filed a second PCRA petition on July 12, 2021, within the limitations period, because this petition was untimely, it did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that for purposes of AEDPA, an untimely PCRA petition is not considered to have been "properly filed" and cannot be the basis for statutory tolling).

on these facts alone. Further, the evidence upon which he relies is not new; indeed, Petitioner asserts that he informed the District Attorney and his counsel of this "alibi," since "day one." ECF No. 17 at 2. Finally, Petitioner fails to show that evidence of his whereabouts for less than six months of the relevant period, which, as set forth above, was from January 1, 2015, to July 31, 2018,[4] is "so probative of innocence that no reasonable juror would have convicted" him. In short, Petitioner has not overcome the time-bar for his claims.[5]

Because Petitioner's claims are untimely, he is not entitled to habeas relief. His petition will be denied.

IV.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason

---

[4] Petitioner describes the "incident date" as January 1, 2015, through July 31, 2015. ECF No. 17 at 2. The 2015 end-date conflicts with the July 31, 2018, date set forth in the criminal complaint, in the information, and at the plea hearing.

[5] The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case.

5

would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claims.

An appropriate Order will follow.

Dated: May 5, 2025

RICHARD A. LANZILLO
Chief United States Magistrate Judge